■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY HOLMES, Appellant. [679 NYS2d 578] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered May 15, 1996, convicting defendant, upon his plea of guilty, of burglary in the second degree, and sentencing him, as a second violent felony offender, to a determinate term of 8 years, unanimously affirmed.

The court properly denied defendant's motion to withdraw his guilty plea, since the record establishes that the plea was knowing, intelligent and voluntary (*see, People v Fiumefreddo*, 82 NY2d 536, 543), and since defendant failed to support his claim of coercion or judicial bias with anything other than conclusory allegations (*see, People v Frederick*, 45 NY2d 520). Concur—Milonas, J. P., Ellerin, Rubin, Tom and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MEDINA, Appellant. [679 NYS2d 579] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered June 27, 1995, convicting defendant, after a jury trial, of rape in the first degree, sodomy in the first degree (two counts), and sexual abuse in the first degree, and sentencing him to two consecutive terms of 7 to 21 years concurrent with concurrent terms of 7 to 21 years and 2 to 6 years, respectively, unanimously affirmed.

The verdict was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations.

The court's *Sandoval* ruling was a proper exercise of discretion. The high probative value of defendant's larceny conviction outweighed its age (*see, People v Walker*, 83 NY2d 455, 459).

By failing to make an offer of proof or raise any of the arguments he makes on appeal, defendant has not preserved his challenges to the court's limitation of his cross-examination of the complainant, and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court properly exercised its discretion in precluding defendant's inquiries about the complainant's understanding of an oath, since the complainant was over 12 years old and her mental capacity had not been challenged in any manner (*see*, CPL 60.20; *People v Parks*, 41 NY2d 36).

We perceive no abuse of sentencing discretion. Concur—Milonas, J. P., Ellerin, Rubin, Tom and Saxe, JJ.